**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ROBERT LEE ATKINSON, | : | Case No. 2:24-cv-1892 |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | District Judge Michael H. Watson |
| | : | Magistrate Judge Karen L. Litkovitz |
| | : | |
| TWIN VALLEY HEALTHCARE SERVICES, | : | |
| | : | |
| Defendant. | : | |
| | : | |

---

**REPORT AND RECOMMENDATION**

---

Plaintiff, a pre-trial detainee at the Franklin County James A. Karnes Corrections Center, in Columbus, Ohio, brings this *pro se* action against defendant "Twin Valley Healthcare Services" for alleged violations of his civil rights under 42 U.S.C. § 1983.   (Doc. 1-1).   By separate Order, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

This matter is before the Court for a *sua sponte* review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief.   *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).   Also before the Court is plaintiff's request for the appointment of counsel (Doc. 1-1, at PageID 12) and his motion for service of process documents (Doc. 6).

**A.     LEGAL STANDARD**

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an

economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii) and 1915A(b)(1). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71

2

("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

### B.    ALLEGATIONS

Plaintiff alleges that on January 30, 2024, he was transported from the Jail to defendant Twin Valley Healthcare Services, 2200 West Broad Street, Columbus, Ohio,[1] to undergo a competency evaluation in state criminal proceedings pending against him in Franklin County Court of Common Pleas Case Nos. 23 CR 5051 and 23 CR 5507.[2] (Doc. 1-1, at PageID 11-12).

---

[1]It appears that Twin Valley has since been replaced by the Central Ohio Behavioral Healthcare Hospital. *See* Ohio Department of Mental Health & Addiction Services website, viewed at: https://mha.ohio.gov/about-us/regional-psychiatric-hospitals/locations/central-ohio-behavioral-healthcare-hospital..

[2]A review of the Franklin County Court of Common Pleas website indicates that both cases remain pending against plaintiff. Viewed at: https://fcdcfcjs.co.franklin.oh.us/CaseInformationOnline/nameSearch. This Court may take

Plaintiff alleges that when he arrived at Twin Valley, eight individuals, who are not named as defendants, placed him in a "restraint room." (*Id*.). At some time thereafter, plaintiff was allegedly assaulted by an unnamed Twin Valley employee, who also is not named as a defendant. (*Id*.). Plaintiff claims that he "was injured to the point of having urine and blood in [his] clothing and also bedding." (*Id*.). Plaintiff further alleges that he was brought to a hospital eight days later for an ultrasound. (*Id.*). Accordingly to plaintiff, the ultrasound showed a mass in his groin "as a result of these multiple punches." (*Id*.). Plaintiff states that an investigation has been opened to look into these alleged incidents. (*Id*.). Further, plaintiff appears to take issue with the competency evaluation and its finding of competency, alleging that he was evaluated by a "treatment team" even though the trial court had ordered that he be evaluated "personally." (*Id*.).

For relief, plaintiff seeks the transfer of his state criminal cases (Nos. 23-CR-5051 and 23-CR-5507) to this Court, a review of those cases, and an award of monetary damages. (Doc. 1-1, at PageID 12).

## C.    ANALYSIS

Plaintiff's complaint is subject to dismissal in its entirety for the reasons stated below.

First, to the extent that plaintiff seeks to transfer his state criminal cases to this Court and obtain a subsequent review of those cases by this Court, such relief is unavailable. *See Younger v. Harris*, 401 U.S. 37 (1971) (finding that federal courts should abstain from interfering in pending state criminal proceedings); *cf. Munir v. Superior Ct.*, No. CV 21-92, 2021 WL

---

judicial notice of court records that are available online to members of the public. *See Lynch v. Leis*, 382 F.3d 642, 648 n.5 (6th Cir. 2004) (citing *Lyons v. Stovall*, 188 F.3d 327, 332 n.3 (6th Cir. 1999)).

1238100, at *2 (D.R.I. Apr. 2, 2021), *report and recommendation adopted sub nom. Munir v. State of Rhode Island Superior Ct.*, No. CV 21-092, 2021 WL 1925392 (D.R.I. May 13, 2021) ("[V]enue transfer of ongoing state criminal proceeding to federal court . . . is not legally available[.]") (citing multiple cases).

Next, the sole named defendant in this case is Twin Valley Healthcare Services.   But this defendant operated as "a regional psychiatric hospital administered by the Ohio Department of Mental Health."   *Dotson v. Twin Valley Behavioral Healthcare*, No. 2:14-CV-1831, 2014 WL 6606406, at *2 (S.D. Ohio Nov. 20, 2014) (quotation marks and citations omitted).   Agencies or arms of the State of Ohio "cannot be sued in a federal court under 42 U.S.C. § 1983 both because [they are] not a 'person' which can be sued under that statute and because the State of Ohio has immunity from suit under the Eleventh Amendment to the United States Constitution."   *Id.* (citations omitted).

It is therefore **RECOMMENDED** that plaintiff's complaint be **DISMISSED** as to Twin Valley Healthcare Services.   However, it is further **RECOMMENDED** that plaintiff be granted leave to amend his complaint to rectify the above deficiencies.   In his amended complaint, plaintiff should name as a defendant any person he contends is actually and personally responsible for the alleged violation of his rights.   *See Pineda v. Hamilton Cty., Ohio*, 977 F.3d 483, 490 (6th Cir. 2020) (emphasis in original) ("[A] § 1983 plaintiff generally must prove both that a defendant was *personally* at fault and that the defendant's culpable conduct (not somebody else's) *caused* the injury.").[3]

---

[3]To the extent that Plaintiff alleges that non-defendants violated his constitutional rights (*see* Doc. 1, at PageID 11), the Court does not address those allegations since those individuals are not named as defendants.

#### D.     CONCLUSION

For all of these reasons, it is **RECOMMENDED** that the Court **DISMISS** this case as to Twin Valley Healthcare Services, but **GRANT** plaintiff leave to file, **within thirty (30) days** of any Court Order adopting this Report and Recommendation, an amended complaint naming the proper defendants.   28 U.S.C. §§ 1915(e)(2)(B); 1915A(b).   In light of this **RECOMMENDATION**, it is further recommended that plaintiff's request for appointment of counsel (Doc. 1-1, at PageID 12) and his motion for service of process documents (Doc. 6) be **DENIED without prejudice**.

#### PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).   A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.   Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.   28 U.S.C. § 636(b)(1).   Failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report

6

and Recommendation.   *See Thomas v. Arn*, 474 U.S. 140, 152–53 (1985).


August 8, 2024

KAREN L. LITKOVITZ
United States Magistrate Judge

7